UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>MIRAMAR      REAL      ESTATE MANAGEMENT, INC.<br><br>Debtor | Bankruptcy No.: 11-01786 (BKT)<br><br>Chapter 11 |

## STIPULATION ON THE USE OF CASH COLLATERAL AND ADEQUATE PROTECTION

COME NOW Miramar Real Estate Management, Inc. (the "Debtor") and Banco Popular de Puerto Rico ("BPPR"), each by their undersigned counsel, and respectfully submit this Stipulation on the Use of Cash Collateral and Adequate Protection (the "Stipulation").

### Preliminary Statement

After substantial negotiations, the Debtor and BPPR have agreed to the Stipulation contained herein, whereby, among other things, BPPR consents to the Debtor's limited use of certain of BPPR's cash collateral to satisfy certain operating expenses solely under and pursuant to the terms of the Stipulation and the adequate protection provided herein. Currently, the Debtor has no debtor-in-possession financing and, thus, requires the use of cash collateral to satisfy operating expenses pending the resolution of this bankruptcy case. Therefore, BPPR and the Debtor respectfully submit that the terms of this Stipulation should be promptly approved as they are critical and necessary to provide and assure the continuity of the Debtor's business, the preservation of the going concern value of the Debtor's estate and Debtor's ability to reorganize under this bankruptcy case.

## Jurisdiction and Venue

1.     This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the scope of 28 U.S.C. § 157(b)(2).

2.     Venue of this proceeding and of the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory basis for the relief requested herein are sections 105(a), 361, 362, 363, 364, 365, 1107 and 1108 of the Bankruptcy Code, Fed. R. Bank. P. 4001(b) and Local Bankruptcy Rule 4001-2.

## Background

### A.     The Bankruptcy Filing:

4.     On March 2, 2011, the Debtor filed a voluntary petition for relief under the provisions of 11 U.S.C. Chapter 11, and as of that date has been managing its affairs and operating its business as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

5.     No Committee of Creditors or Trustee has been appointed in this case.

### B.     The Loan Documents

6.     Prior to the Petition Date, BPPR and the Debtor entered into: (a) a Loan Agreement dated April 3, 2009; and (b) a Loan Agreement dated April 17, 2009 (collectively with any other agreements, documents and instruments referred to in each of the above Loan Agreements or at any time executed and/or delivered in connection therewith or related thereto, the "Financing Agreements").

7.     To secure Debtor's obligations under the Financing Agreements, the Debtor granted to BPPR, through the Financing Agreements, a first priority security interest over

substantially all of Debtor's assets (collectively, the "Collateral").[1]

8.     BPPR properly perfected its security interests granted by Debtor under the Financing Agreements.

9.     As inducement for, and in consideration of, BPPR making loans and advances and providing other financial accommodations to (among others) the Debtor under the Financing Agreements (and, to secure and satisfy the obligations thereunder), the Debtor (among others) executed the following additional documents (each as may have been subsequently amended or modified): (a) Mortgage Note in the amount of $2.7 Million, dated February 26, 2001; (b) Deed and Mortgage to Secure Mortgage Note, dated February 26, 2001; (c) Mortgage Note in the amount of $4.2 Million dated April 5, 2001; (d) Deed and Mortgage to Secure Mortgage Note, dated April 5, 2001; (e) Mortgage, dated August 25, 2005; (f) Mortgage Note in the amount of $5.5 Million, dated December 14, 2006; (g) Mortgage Note in the amount of $7 Million, dated February 28, 2002; (h) Mortgage Note in the amount of $13 Million, dated August 25, 2005;[1] (i) certificate of deposit number #01020000001; (j) "Cesión General de Rentas", dated December 27, 2002; (k) "Contrato de Cesión", dated April 3, 2009; (l) "Contrato de Prenda" dated April 3, 2009; (m) "Contrato de Cesión", dated April 17, 2009; (n) "Contrato de Prenda" dated April 17, 2009; (o) certain corporate guarantees; (p) UCC -1 PR Financing Statements; (q) and any other agreements, financing statements, documents and instruments at any time executed and/or delivered in connection with the foregoing documents or related thereto (collectively with the Financing Agreements, the "Loan Documents").

---

[1]     The Collateral includes, among other things, all rents, lease agreements, sublease agreements, all agreements, cash, accounts, income, and real and personal property owned by the Debtor.

[1]     As to the mortgages listed in (f), (g), and (h), the ratification of (solely) these mortgages is subject to receipt of a pending title search for the property listed in such mortgage and verification that such mortgages are in place and were filed and/or registered prior to the petition date.

10.     Accordingly, as of the Petition Date, under the Loan Documents, Debtor has incurred and/or guaranteed obligations to Banco Popular that amount to approximately $195,237,317.05 in principal and approximately $11,541,399.01 in interest, for a total amount of approximately $206,778,716.06, which amounts are secured by, among other assets, the Collateral (the "Loans").

**Stipulation**

11.     The Debtor requires the use of the cash Collateral to pay (among other things) present operating expenses in order to preserve the going concern value pending reorganization. Therefore, the Debtor has requested from BPPR and BPPR agreed and authorized the Debtor to use certain of BPPR's Cash Collateral during the Bankruptcy Case. BPPR is willing to authorize such use solely under, and in reliance upon, the terms and conditions and adequate protection set forth herein.

12.     Section 363(c)(2) of the Bankruptcy Code provides that the Debtor may not use, sell or lease cash collateral unless: "(a) each entity that has an interest in such cash collateral consents; or (b) the court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. §363(c)(2).

13.     Pursuant to Section 361 of the Bankruptcy Code, the Debtor may provide adequate protection by making cash payments, providing additional or replacement liens, or other manners.

14.     The Debtor and BPPR has negotiated and agreed upon the terms of adequate protection that will entitle the Debtor to use BPPR's cash Collateral on a consensual basis, as detailed and pursuant to the terms described below:

- **Authorized Use of Cash Collateral**.  Pursuant to this agreement, the Debtor shall be authorized to use BPPR's cash collateral solely to satisfy the permitted expenditures detailed and described and at the times set forth (the "Permitted Expenditures") in the budget (the "Budget", attached as **Exhibit A**).  The total authorized use of cash collateral is as stated in the Budget (the "Authorized Cash Collateral") and for the period commencing on the Petition Date and ending on June 30, 2011 (the "Stipulation End Date").  BPPR's consent to use of cash Collateral and the Debtor's right to use the cash Collateral shall terminate automatically on the Stipulation End Date - provided, however, that the adequate protection provisions, representations, and protections contained in the Stipulation and granted to BPPR shall continue in full force and effect until all of the Debtor's obligations under the Loan Documents have been satisfied in full.  Further, nothing contained herein shall obligate BPPR to extend any use of the cash Collateral beyond the Authorized Cash Collateral or the Stipulation End Date.  Finally, the Debtor is not authorized to use cash Collateral beyond the Authorized Cash Collateral, for any expenditure other than the Permitted Expenditures, nor beyond the Stipulation End Date.

- **Adequate Protection - Replacement Liens**.  Pursuant to Sections 361 and 363 of the Bankruptcy Code, as adequate protection for BPPR, the Debtor hereby grants to BPPR a replacement lien and a post-petition security interest on all of the assets and Collateral acquired by the Debtor on and after the Petition Date (the "Replacement Liens"). The Replacement Liens shall be deemed effective and perfected as of the Petition Date without the need of the execution or filing by the Debtor or BPPR of

any additional security agreements, pledge agreements, financing statements or other agreements.

- **Adequate Protection** – Monthly Payments. Pursuant to Sections 361 and 363 of the Bankruptcy Code, as adequate protection for BPPR, the Debtor hereby agrees to pay to BPPR, on or before the first of each month, the sum of $ $53,145.88.

- **Additional Adequate Protection – Super-Priority Claim**. Pursuant to Sections 361, 363 and 507(b) of the Bankruptcy Code, as additional adequate protection, BPPR is hereby granted a super-priority claim in an amount equal to any diminution in value of the pre-petition Collateral, including, without limitation, BPPR's interest in the cash Collateral, resulting from the Debtor's use of the pre-petition Collateral and cash Collateral and the imposition of the automatic stay, having priority over all administrative expenses specified in Sections 503(b) and 507 of the Bankruptcy Code (the "Super-Priority Claim").

- **Additional Adequate Protection – Reporting Rights**. Pursuant to Sections 361 of the Bankruptcy Code, as additional adequate protection, the Debtor shall submit to BPPR monthly reports detailing: (a) the amount, aging, and description of all of the Debtor's accounts receivable, rents and other cash collateral; (b) the amount of cash collateral collected and/or used to satisfy Permitted Expenses; and (c) reorganization efforts (collectively, the "Reports"). The Reports shall be submitted on or before the tenth day of each month, and shall detail the respective activities as of the end of the prior month.

- **Additional Adequate Protection - Sale Proceeds**. As additional adequate protection, the Debtor hereby agrees that at upon any consummation of any sale of

substantially all or any of the Debtor's assets (e.g., the real estate properties) the proceeds of such sale shall be paid immediately and indefeasibly to BPPR for its benefit at the closing of such sale in an amount equivalent to the outstanding balance of the Loans, plus any post-petition interest and/or charges that may have accrued in accordance with the Bankruptcy Code.

- **Additional Adequate Protection - Section 506(c) Waiver**.  As additional adequate protection, Debtor hereby covenants and agrees to waive any and all rights under Section 506(c) of the Bankruptcy Code as to any of BPPRs' Collateral and solely as to this bankruptcy case (the "506(c) Waiver").

- **Additional Adequate Protection – DIP Account**s.  As additional adequate protection, the Debtor will grant BPPR access to monitor their debtor-in-possession accounts and the payments and deposits made therein and shall have all such accounts at BPPR.  BPPR hereby stipulates that it shall not offset or setoff any amounts in such accounts, unless previously authorized by the Court.

- **Additional Adequate Protection – Cross-Collateral**.  As additional adequate protection, the post-petition Collateral under the Replacement Liens and the pre-petition Collateral shall all serve as cross-Collateral for the Loans and any and all other amounts disbursed by BPPR under the Financing Agreements.

- **Additional Adequate Protection - Credit Bid**.  BPPR shall have the right to credit bid the indebtedness owed thereto under the Loan Documents, in whole or in part, in connection with any sale or disposition of assets of Debtor (whether or not such asset sale or disposition is undertaken or proposed under or pursuant to the terms of any consensual or nonconsensual (including under section 1129(b)(2)(A)(i), (ii) and/or

(iii) of the Bankruptcy Code) chapter 11 plan of reorganization or liquidation of or for Debtor, whether proposed by Debtor, a creditor committee or any other party, by motion under section 363 of the Bankruptcy Code, or otherwise under applicable law) and Debtor hereby waives all rights to oppose such credit bid rights of the Lender.

- **Ratification of Loan Documents**.  The Debtor hereby consents: (i) to the transaction contemplated herein and acknowledges, reaffirms, and ratifies all security interests granted and liens constituted pursuant to the Loan Documents as security for the payment and performance of all of the Debtor's obligations under the Loan Documents and their first priority rank; (ii) acknowledges and agrees that the guarantees (and all security therefore) contained in the Loan Documents are, and shall continue to remain, in full force and effect after giving effect to this Agreement; and (iii) ratifies the Financing Agreements, the guarantees and the other Loan Documents.

- **Ratification of Obligations**.  The Debtor acknowledges, represents, covenants, and agrees with BPPR that (i) the Debtor's obligation to pay in full the outstanding balance of principal of the Loans and any other sums due to BPPR including, without limitation, accrued interest under the Financing Agreements is valid, binding and enforceable in all respects; and (ii) the Debtor's obligations under the Financing Agreements, as well as any and all of their other obligations under any of the other Loan Documents (including, without limitation, the guarantees and this Stipulation) are valid, binding and enforceable in all respects.

- **Application of Payments**.  The Debtor hereby agrees, affirms, acknowledges that BPPR shall has the sole discretion to determine how, whether, and when to apply any and all payments on obligations relating to the Loan Documents received from, or

made by or on behalf of, any Debtor after the Petition Date (the "Post-Petition Payments"). The Debtor hereby agrees, affirms, acknowledges, and consents that BPPR may, in its sole discretion, apply any and all Post-Petition Payments to any of the following: (a) any portion of the amounts due for the Loans; and/or (b) any amount due, incurred, or accrued under any of the Loan Documents after the Petition Date, including, but not limited to, post-petition interest and/or attorneys' fees (to the extent allowed by the Bankruptcy Code).

- **Insurance**. Debtor agrees to maintain adequate insurance on all of the Collateral from and after the Petition Date, and to (a) list BPPR as an additional insured and loss payee under the corresponding insurance policies, and (b) upon request, provide to BPPR evidence of such insurance (the "Insurance Obligation").

- **Continuing Obligation**. Debtor's obligation to grant the Replacement Liens, 506(c) Waiver, Super-Priority Claim, and the Insurance Obligation, and all other adequate protection provisions, as the Debtor's representations, covenants and obligations under this Stipulation shall: (i) continue in full force and effect until all of the Debtor's obligations under the Loan Documents have been satisfied in full; and (ii) be binding upon any successor to the Debtor including, but not limited to, any Chapter 11 trustee or any trustee appointed in any Chapter 7 case of Debtor in the event of a conversion.

- **Reservation of Rights**. Notwithstanding anything to the contrary contained in this Stipulation, BPPR shall has the right to seek any relief it deems necessary or appropriate before this Court including, but not limited to, a motion seeking (a) relief from the automatic stay upon any ground or cause in the event of a change in circumstances; and/or (b) adequate

protection in addition to that provided for in this Stipulation in the event of a change in circumstances.

- **No Novation**.  It is hereby understood and agreed by each of the parties hereto that this agreement is not intended to constitute an extinctive novation ("novación extintiva") of the obligations and undertakings of the parties under any of the Loan Documents, as amended to date.  The Debtor ratifies, reaffirms, confirms, consents to and acknowledges all the terms, priority and conditions of, security interest, mortgages or liens over the Collateral provided for in the Loan Documents and the Debtor's obligations under such documents.

- **Events of Default.**  The following shall constitute an event of default and entitle BPPR to exercise all of its remedies and shall cause the automatic termination of the Debtor's authorization to use Cash Collateral: (1) any representation, warranty or other written statement to BPPR by Debtor or by an authorized representative on behalf of Debtor proves to have been false or misleading in any material respect when made; or (2) Debtor shall breach any covenant or obligation contained in the Stipulation or fail to comply with or fail to perform any of the terms, conditions or covenants or its obligations set forth in the Stipulation; or (3) Debtor, La Ciudadela de Santurce, Inc., and/or Carlos López de Azua shall challenge in any action the validity or enforceability of any of the Loan Documents, the enforceability of the obligations thereunder, or the perfection or priority of any lien granted to BPPR or any of the Loan Documents ceases to be in full force or effect; or (4) a trustee or an examiner with enlarged powers relating to the operation of Debtor's business (powers beyond those set forth in sections 1106(a)(3) and (a)(4) of the Bankruptcy Code),

shall be appointed in the Bankruptcy Case; or (5) any lien on any of the Collateral or super-priority claim which is *pari passu* with or senior to the claims of the BPPR shall be granted or Debtor shall file a motion seeking approval of any such lien or super-priority claim; or (6) the termination of any of Debtor's exclusive rights under section 1121 of the Bankruptcy Code; or (7) on a cumulative basis, Debtor's actual cash disbursements shall vary from the Budget in excess of ten percent of the amount budgeted, which cumulative variance shall be measured on a weekly basis and subject to a five (5) business day grace period; or (8) the filing of any motion to approve a sale of all or a substantial portion of Debtor's assets without the prior written approval of the Lender; or (9) Debtor seeking, or the filing of any motion by any other party to obtain, additional or replacement post-petition financing for Debtor; or (10) Debtor's failure to comply with any of its adequate protection obligations to the Lender under the Stipulation; or (11) the Bankruptcy Case shall be dismissed or converted into a chapter 7 case; or (12) the amount of Cash Collateral used for any expense varies on any month by more than ten (10) percent in value from the representations contained in the DIP Budget; or (13) the commencement of any challenge against BPPR's liens, claims, and/or security interests.

- **<u>Effect of Stipulations on Third Parties</u>**.   The Stipulation and any admissions, releases and waivers contained herein shall be binding upon Debtor and all other parties in interest.  Accordingly, (i) the obligations under the Loan Documents shall constitute allowed claims, not subject to counterclaim, setoff, subordination, recharacterization, defense or avoidance, for all purposes in the bankruptcy case and any subsequent chapter 7 case, (ii) the liens under the Loan Documents on the

Collateral shall be deemed to be legal, valid, binding, perfected, not subject to recharacterization, subordination, avoidance or reduction and (iii) the obligations under the Loan Documents, the Collateral and Loans shall not be subject to any other or further challenge by any party in interest, and any such party in interest shall be enjoined from, seeking to exercise the rights of Debtor's estate, including, without limitation, any successor thereto (including, without limitation, any estate representative or a chapter 7 or chapter 11 trustee appointed or elected for Debtor). Nothing in this Stipulation vests or confers on any Person (as defined in the Bankruptcy Code) standing or authority to pursue any cause of action belonging to Debtor or its estate. Notwithstanding anything to the contrary, nothing herein shall affect, impair or modify any of the Debtor's affiliates or related companies' claims and defenses, if any, against BPPR, nor any of BPPR's claims and defenses against any such company or debtor.

- **Clarification and Reservation of Rights as to "Revenues" in Cash Collateral Budget**. Notwithstanding anything to the contrary, nothing herein shall obligate BPPR to provide any of the amounts set forth as "revenues" in the Budget directly or indirectly to the Debtor, such as maintenance fees, above and beyond what is currently set forth in the Loan Documents; and, as to any such amounts, subject to all of BPPR's and the Debtor's claims and defenses to such payment under the Loan Documents.

### Request for Emergency Determination

16.     The success or failure of the Debtor's case rests in significant part on the Debtor having the access to use the cash collateral to continue their operations pending a sale or a plan. Given the

importance of the requested relief to the Debtor and its estate, the Debtor and BPPR request that this Court consider this Stipulation and approve the same on an emergency basis.

17.     No previous application for the relief sought herein has been made to the Court.

18.     Debtor and BPPR have carefully examined the matter object of the Motion and have concluded that there is a true need for it to be heard on an emergency basis. Debtor has not created the need for this emergency relief through any lack of due diligence.

## Notice

Notice of this Motion has been electronically provided by regular certified mail to the Internal Revenue Service and by CM/ECF system to: the **United States Trustee** for the District of Puerto Rico and to all attorneys that have filed a notice of appearance. Copy of this notice will be sent by postage prepaid to those parties listed on Debtor's' List of Creditors Holding the 20 Largest Unsecured Claims.

WHEREFORE, BPPR and Debtor stipulate to the above, and jointly request the Court's approval thereof.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 29th day of March, 2011.

| **LATIMER, BIAGGI, RACHID & GODREAU** | **O'NEILL & BORGES** |
|---|---|
| *Attorneys for Debtor* | *Attorneys for BPPR* |
| P.O. Box 9022512 | American International Plaza |
| San Juan, P.R. 00902-2512 | 250 Muñoz Rivera Avenue, Suite 800 |
| | San Juan, Puerto Rico 00918-1813 |
| | Tel:     (787) 764-8181 |
| s/ F. David Godreau Zayas | Fax:     (787) 753-8944 |
| F. David Godreau Zayas | |
| USDC-PR 133207 | s/ Luis C. Marini-Biaggi |
| | Luis C. Marini-Biaggi |
| | USDC No. 222301 |
| | s/ Lourdes Arroyo |
| | Lourdes Arroyo |
| | USDC No. 226501 |